Filed 9/1/20  P. v. Dowell CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRADLEY JAMES DOWELL,<br><br>    Defendant and Appellant. | B300343<br><br>(Los Angeles County<br>Super. Ct. No. PA049692) |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden Zacky Judge.  Affirmed.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

A jury convicted Bradley James Dowell in 2009 of second degree murder, attempted voluntary manslaughter and four counts of aggravated assault and found true special allegations that Dowell had used a deadly weapon and inflicted great bodily injury when committing the offenses. In a bifurcated proceeding the trial court found true prior conviction allegations and sentenced Dowell to an aggregate indeterminate state prison term of 55 years six months to life. We affirmed the judgment on appeal. (*People v. Dowell* (Nov. 2, 2010, B215971) [nonpub. opn.].)

On June 20, 2019 Dowell moved to modify his sentence, challenging the court's order he pay a restitution fine of $10,000 (Pen. Code, § 1202.4, subd. (b)) and victim restitution of $7,499.80, payable to the California Victim Compensation Board (Pen. Code, § 1202.4, subd. (f)), because it had failed to consider his ability to pay those sums. The superior court denied Dowell's motion, ruling he had forfeited the issue.[1] The court noted Dowell and his counsel had agreed to the amount of victim restitution at the time of sentencing.

Dowell filed a timely notice of appeal.

### DISCUSSION

We appointed counsel to represent Dowell on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On February 3, 2020 we advised Dowell

---

[1] It is by no means clear the superior court had jurisdiction to consider Dowell's motion a decade after his conviction was final. (See *People v. Torres* (2020) 44 Cal.App.5th 1081, 1088.) If the court, in fact, lacked jurisdiction, its order denying the motion would be nonappealable. (*Id.* at pp. 1083, 1088.)

he had 30 days within which to submit any contentions or issues he wished us to consider.  We have not received a response.

We have examined the record and are satisfied Dowell's appellate attorney has fully complied with his responsibilities and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442*; People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)

At the time Dowell was sentenced, as today, Penal Code section 1202.4 permitted a defendant to raise an ability-to-pay objection to the imposition of a restitution fine greater than the statutory minimum.  (§ 1202.4, subds. (c) [court may increase restitution fine beyond statutory minimum], (d) [defendant bears burden of demonstrating his or her inability to pay restitution fine in excess of statutory minimum]; see Stats. 2008, ch. 468, § 1.)  Because Dowell failed to do so, he forfeited the argument the court erred in imposing a $10,000 fine without considering his ability to pay.  (See *People v. Miracle* (2018) 6 Cal.5th 318, 356 ["[b]ecause [the] defendant did not object to the [restitution] fine at his sentencing hearing, he has forfeited his challenge"]; *People v. Nelson* (2011) 51 Cal.4th 198, 227 ["[a]t the time of [defendant's] 1995 crime and his 2000 sentencing, the law called for the court to consider a defendant's ability to pay in setting a restitution fine, and defendant could have objected at the time if he believed inadequate consideration was being given to this factor"]; *People v. Avila* (2009) 46 Cal.4th 680, 729 ["in not adducing evidence of his inability to pay" a $10,000 restitution fine, the defendant "forfeited the argument"]; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 [defendant "forfeited any

ability-to-pay argument regarding the restitution fine by failing to object"].)

With respect to the award of victim restitution, Dowell and his counsel expressly waived a hearing and agreed to the sum of $7,499.80 as payment for the victim's funeral and burial expenses. In any event, "a defendant's ability to pay victim restitution is not a proper factor to consider in setting a restitution award under [Penal Code] section 1202.4, subdivision (f)." (*People v. Evans* (2019) 39 Cal.App.5th 771, 777.)

## DISPOSITION

The postjudgment order is affirmed.


PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.

4